UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EARL JONES,
ADC #154041                                                                                    PLAINTIFF

V.                              5:17CV00041 BRW/JTR

VALENTINE, Nurse,
Tucker Unit, Arkansas Department of Correction                              DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff, Early Jones, ("Jones"), is a prisoner in the Grimes Unit of the Arkansas Department of Correction.  He has filed this *pro se* § 1983 action alleging that Defendant Nurse Valentine ("Valentine") violated his constitutional rights. *Doc.*

2. Before Jones may proceed with this case, the Court must screen his Complaint.[1]

## II. Discussion

Jones alleges that, on May 13, 2016, Valentine accidentally gave him an unknown medication that was prescribed for another inmate. *Id.* Immediately after Jones took that unknown medication, Valentine discovered her error and gave Jones the correct medication for depression. *Id.* Jones contends that, as a result of taking the wrong medication, he had diarrhea and was nauseated for approximately forty-eight hours. *Id.*

To plead a viable inadequate medical care claim, under the Eighth Amendment, Jones must raise facts establishing that, subjectively, Valentine acted with deliberate indifference when she gave him the wrong medication for his depression. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Deliberate indifference, *which goes well beyond negligence or gross negligence*, "requires proof of a reckless disregard of the known risk." *Moore*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Case 5:17-cv-00041-BRW   Document 4   Filed 02/27/17   Page 3 of 4

*v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

At most, Jones's allegations suggest that Valentine was negligent when she mistakenly gave him the wrong medication. Because nothing in his Complaint suggests that Valentine acted with deliberate indifference, Jones has failed to plead a viable constitutional claim against her. Thus, the Court recommends that this case be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 27th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE